IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON E. BARBER,

        **Plaintiff,**

v.                                                                   1:13-cv-1980-WSD

SOCIAL SECURITY
ADMINISTRATION and MR.
JAMES,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [5]. Also before the Court is Plaintiff's Motion to Refile Complaint [7].

## I.  BACKGROUND

On December 19, 2012, Plaintiff Sharon E. Barber ("Plaintiff"), proceeding *pro se*, filed this action in the Superior Court of Fulton County, Georgia against the Social Security Administration ("SSA") and a Veterans Administration investigator identified only as "Mr. James" (collectively, "Defendants"). Plaintiff's Complaint [1-1] is largely incomprehensible but appears to assert that SSA and Mr. James engaged in a "conspiracy" to defraud Plaintiff and that Defendants caused Plaintiff "personal injury."

SSA is a United States agency, and Mr. James is an officer of a United States agency. On that basis, on June 13, 2013, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows the removal from state to federal court of any action against a United States agency and its officers.

On July 15, 2013, Defendants filed their Motion to Dismiss on the grounds that (i) the Court lacks subject matter jurisdiction because Plaintiff failed to assert her claims in the manner prescribed in the Federal Tort Claims Act, and (ii) Defendants were not properly served with process.[1]

## II.   DISCUSSION

Sovereign immunity shields the federal government from claims asserted against it, and, in the absence of a waiver of the government's sovereign immunity, federal courts lack subject matter jurisdiction over claims asserted against the federal government. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). A plaintiff has the burden of demonstrating that the federal government has waived its sovereign immunity with regard to the claims asserted against the government. Under the Federal Tort Claims Act, the federal government waives its sovereign

---

[1] On July 30, 2013, Plaintiff filed her Motion to Refile Complaint seeking leave to re-file her Complaint to allow Plaintiff to perfect service on Defendants. Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims based on Defendants' sovereign immunity, the Motion to Refile Complaint is required to be denied as moot.

immunity only if certain procedures are followed by the plaintiff, including that the plaintiff exhaust administrative remedies by presenting his claim, before filing suit, to the appropriate government agency.  See 28 U.S.C. § 2675(a); see also Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (holding that courts lack jurisdiction over tort claims against the United States unless the procedures set forth in the Federal Tort Claims Act are followed).

There is no dispute here that, before filing this action, Plaintiff failed to present the claims asserted in her Complaint to SSA, or any other federal agency, in conformity with the Federal Tort Claims Act.  This failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over Plaintiff's claims, and this action is required to be dismissed.[2]  See Turner, 514 F.3d at 1200.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [5] is **GRANTED**.  This action is **DISMISSED** for lack of subject matter jurisdiction.

---

[2] Under the Federal Tort Claims Act, a suit against the United States is the exclusive remedy for persons with claims for damages arising from common law torts resulting from the actions of federal employees taken within the scope of their office or employment.  See 28 U.S.C. § 2679(b)(1).  Plaintiff's individual claims against Mr. James are thus required to be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Refile Complaint [7] is **DENIED AS MOOT**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE